Spring 1811.
First District

Urquharts
vs.
Robinson.

## *URQUHARTS* vs. *ROBINSON.*

An invoice accompanying the goods, is no evidence against the master of the ship.

*By the Court.* This is a motion for a new trial, on the ground of the rejection of proper evidence.

THE plaintiffs received by the vessel, of which the defendant is master, a quantity of goods. Their clerk took notice, on the landing, that two of the boxes had been opened, and calling the attention of the defendant to this circumstance, the contents of the boxes were ascertained with him. A suit was brought to recover damages for the deficiency, and at the trial, the plaintiffs' counsel offered as evidence of the contents of the boxes, at the time of the shipment, an invoice which the defendant's counsel admitted, had been inclosed in a letter which came with the goods. The court, being of opinion that it was not proper evidence, and the plaintiffs having no other, nominal damages only were given : and we are requested to reconsider the opinion which excluded the letter.

Spring 1811.
First District.

Urquharts
vs.
Robinson.

In doing so, we have been induced, rather by a desire to correct a popular error, which prevails here, than from the idea that the question is attended with any difficulty.

In every case, the plaintiff must, not only prove the breach of contract or injury upon which his cause of action arises, but also, the amount of the damage, or the extent of the injury which he has sustained : and both must be proven by *legal* testimony.

In the present case, the plaintiffs have proven the breach of the defendant's contract, in failing to deliver the goods, shipped in good order and well conditioned, *in the like order*, since they have proved the boxes were broken. This entitles them to damages. But it remained for them to shew the *amount* of these damages, the extent of the injury the defendant has done them. This amount was the quantity of the goods *not delivered* or their value : and this they were bound to do by *legal* evidence.

They have shewn what remained in the boxes ; to ascertain the deficiency, they have attempted to shew what goods were in the boxes, at the time of the shipment, by producing the invoice transmitted by the shipper.

This invoice, the defendant has contended, could not be received :

1. Because it could not bind the defendant, as an instrument of writing or a written contract.

SPRING 1811.
First District.

URQUHARTS
vs.
ROBINSON.

2. Because it could not be received as the evidence or testimony of the shipper.

I. Men are only bound by the contracts to which they are parties; by the instruments of writing which they subscribe, or to the confection of which they concur, or which they afterwards acknowledge.

THE defendant was not a party to any contract resulting from this invoice. It was not subscribed by him; he did not concur to the confection of it; neither, has he ever acknowledged its correctness.

THE invoice has therefore, no binding force in regard to the defendant. It is not to be read, as the evidence of a contract.

II. It remains for us to inquire whether it can be read as the evidence, or testimony of the shipper: and this the defendant's counsel, has contended cannot be done, because, it is not regularly taken: because, if it were, it could not be read, the shipper of the goods having an interest to charge the master, in order that he may thereby discharge himself.

THE testimony is not regularly taken, because, it is not under oath—because, it was taken *ex parte.*

*Testis injuratus fidem non facit*; says the code *lib.* 4. *tit.* 20 *de jurejurando ; in notis.*

EVERY witness before he is examined must be *sworn. Esp. N. P.* 728. *Ley* 31. *tit.* 16. *Part.* 3. *cerca del fin. cap. de testibus et ibi gloss. hoc tit.*

SPRING 1811.
First District.

URQUHARTS
vs.
ROBINSON.

EVIDENCE must be given in the presence of the party against whom it is to be used. For where the jury having withdrawn, called back one of the witnesses, who repeated his evidence, altho' the evidence was the same, that had been given before, *et non alia nec diversa*, their verdict was set aside.

Neither can, an argument be drawn *ab incon-venienti* from the difficulty of sending across the Ocean, to procure testimony. Till the 26th of George the third, bonds executed in the East-Indies, could not be proved without being sent thither, if the subscribing witness resided there. In that year, a statute was made, making an exception to the general rule.

IN *Coghlan* vs. *Williamson*, the hand writing of Steele the subscribing witness, who resided in the West-Indies, to a bond, was not allowed to be proven, till it was established, that the defendant had declared, that the plaintiff could not recover, for the bond was executed on ship board, and that he could not get the witness : thus acknowledging impliedly the execution of the bond. *Douglas* 93.

LASTLY, the shipper's testimony is said to be objectionable, for if the goods were not put in the boxes or taken out of them, before the shipment, he would be discharged, if the plaintiffs were to recover from the defendant : as they could not have two compensations.

SPRING 1811.    HOWEVER, on the ground of the paper not
First District.
being *sworn to,* it was impossible to receive it
DEBON, CURA-  as evidence.
TOR &c.
          vs.       IN the case of *Riche* and *Richard* vs. *Broad-*
BACHE & AL.  *sell,* determined before the revolution, in Penn-
sylvania, a different opinion was given, and an
account of sales unsworn to, was admitted : the
court saying the strict rules of evidence, were
not to be extended to mercantile cases.   But
this is a solitary case which, being contrary to
every precedent and principle, cannot be received
by us as evidence of the law.   For if the rule
which requires that testimony should be *on oath,*
that which demands that it should be taken *in
presence of the party,* against whom it is to be
used, and that which repels an *interested witness,*
be *strict rules,* which may be disregarded in
mercantile cases, it will follow, that the court
have no rule in these cases, but the will or whim
of the judges.

MOTION OVERRULED.

*Duncan* for the plaintiffs.   *J. R. Grymes* for
the defendant.